```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ALPHONSO SIMMONS,

                    Plaintiff,
                                              07 Civ. 7383(DAB)(DFE)
        - against-
                                              MEMORANDUM AND ORDER
FRANK ROBINSON, Grievance Supervisor,
Sing Sing Correctional Facility; et al.,      This is not an ECF case

                    Defendants.
------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  On January 4, 2008, District Judge Deborah A. Batts signed an Order of Reference referring this case to me for general pretrial supervision.  This means that I will rule on pretrial issues such as disputes about discovery and scheduling, but any dispositive motion, such as a motion for summary judgment, must be addressed to Judge Batts.

    2.  On February 19, 2008, I held an Initial Case Management Conference with Mr. Simmons by telephone and with AAG Wesley Bauman in my chambers.  The discussion included the following.

    3.  By motion dated January 2, 2008 (Docket Item #12), Mr. Simmons requested appointment of counsel.  Judge Batts received this motion and forwarded it to me because such motions fall into the category of non-dispositive motions.  The motion is quite well written, as is the Complaint, and I am confident that Mr. Simmons will be able to present his factual allegations clearly.  I find that his legal claims are weak.  I enclose for him a copy of *Abdul-Malik v. Goord*, 1997 WL 83402 (S.D.N.Y. Feb. 27, 1997), esp. at *8 (rejecting the claim that DOCS food policies have given disparate treatment to Jewish and Muslim inmates).  I also enclose for him a copy of excerpts from *Ghashiyah v. Wisconsin Dept. of Corrections*, 2006 WL 2845701, *13-14 (E.D. Wisc. Sept. 29, 2006) (discussing sterilized kitchen utensils and dismissing First Amendment and RLUIPA claims), and 2007 WL 2822005, *3, *13-15 (E.D. Wisc. Sept. 27, 2007) (dismissing Equal Protection claims).  Moreover, Mr. Simmons has now been transferred from Sing Sing to Attica, but he declines to transfer his case to the Western District of New York.  His distant location makes it less likely that our Court could ever find an attorney willing to volunteer to pursue this case in the Southern District of New

York. **Accordingly, I deny plaintiff's motion for appointment of counsel (Docket Item #12).**

4. AAG Bauman confirmed that he has granted Mr. Simmons's request for an extension until February 29, 2008 to serve his responses to defendants' interrogatories and document requests.

5. At AAG Bauman's request, I have signed an order granting leave for defense counsel to take the deposition of Mr. Simmons. AAG Bauman proposes to take the deposition of Mr. Simmons on April 24, 2008, and probably will arrange for the Department of Correctional Services to transport Mr. Simmons to Sing Sing. Mr. Simmons says that he wants to be back in Attica in time for his May 1st telephone conference with a Supreme Court Justice who is handling his Bronx divorce case; AAG Bauman will endeavor to make sure that this can be accomplished. As I told Mr. Simmons, I will presume that he objects to each question that will be asked at the deposition. Accordingly, I directed him not to voice any objections at his deposition. Instead, I directed him to answer each question. AAG Bauman will supply him with a transcript a few weeks after the deposition. Mr. Simmons can then send me a copy of the pertinent pages of the transcript, and ask me to rule on the propriety of any questions to which he directs my attention. If I find that a question was improper, I may direct that defense counsel will not be able to use the answer.

6. I also told Mr. Simmons that he may serve AAG Bauman with interrogatories to be answered under oath by specified defendants (with a maximum of 30 interrogatories for each defendant).

7. I directed the parties to **complete all discovery by July 31, 2008.** After that, AAG Bauman plans to make a motion for summary judgment. I hereby direct that **any dispositive motion must be served and filed by September 10, 2008**, and must be addressed to Judge Batts.

                                              */s/ Douglas F. Eaton*
                                          DOUGLAS F. EATON
                                          United States Magistrate Judge
                                          500 Pearl Street, Room 1360
                                          New York, New York 10007

Dated:    New York, New York
             February 20, 2008

Copies of this Memorandum and Order (and the *Abdul-Malik* decision

and excerpts from the *Ghashiyah* decisions, and my order concerning the deposition of Mr. Simmons) are being sent on this date by mail to:

Alphonso Simmons
06-A-5276
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Wesley E. Bauman, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271

Pro Se Office
Room 230, U.S. Courthouse
500 Pearl Street
New York, NY 10007 (without enclosures)

Hon. Deborah A. Batts (without enclosures)