USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/08

COPIES MAILED TO COUNSEL OF RECORD 9/11/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ALPHONSO SIMMONS,

                Plaintiff,

    - against-

FRANK ROBINSON, Grievance Supervisor,
Sing Sing Correctional Facility;
A[NTHONY] CHU, Food Service Administrator,
Sing Sing Correctional Facility;
K[ENNETH] DECKER, Acting Superintendent,
Sing Sing Correctional Facility;
JOHN NUTTAL, Deputy Commissioner of
Program Services, New York State
Department of Correctional Services;
BRIAN FISCHER, Commissioner of the
New York State Department of
Correctional Services;

                Defendants.
------------------------------------x

07 Civ. 7383(DAB)(DFE)

MEMORANDUM AND ORDER
This is not an ECF case

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  In my February 19 telephone conference, and in my February 20 Memorandum and Order, I told Mr. Simmons that he could serve AAG Bauman with interrogatories to be answered under oath by specified defendants (with a maximum of 30 interrogatories for each defendant).  I also directed the parties to complete all discovery by July 31, 2008, which I later extended to August 29, 2008.  Unfortunately, I did not use my usual language that "the parties must commence all discovery in time to complete it by August 29," which would have made it clearer to Mr. Simmons that I expected him to mail all his interrogatories before the end of July.

    2.  I am now responding to AAG Bauman's September 8 letter, which indicates as follows.  On March 28, 2008, Mr. Simmons served AAG Bauman with (a) 19 interrogatories stated to be "generally directed to Defendant F[ood] S[ervice] A[dministrator] Chu," although Interrogatories 14, 15, 17, and 18 seemed to be directed to defendants Robinson, Decker, Fisher and Nuttal respectively, and (b) in the same document, 10 interrogatories "pertaining to [the] Food Production Center (FPC) in Rome, New York, which is in control of Commissioner Fisher and formerly

-1-

under the control of Deputy Commissioner Nuttal." I have not seen the responses to those interrogatories. However, by letter dated May 27 to AAG Bauman, Mr. Simmons wrote: "There were certain questions directed to Mr's Fisher, Decker, and Robinson that were answered by Mr. Chu. Of course, Mr. Chu would not have personal knowledge concerning these matters. How can we rectify this?"

    3. AAG Bauman replied with a short letter dated June 10. With a postmark of August 28, Mr. Simmons served his Second Set of interrogatories and document requests. AAG Bauman argues that this Second Set was untimely, but I will extend the discovery deadline solely for the following purposes. **I direct AAG Bauman to send plaintiff, by October 7, 2008**, copies of the documents described in the Second Set's four document requests, except that I hereby limit Requests 2 and 4 to grievances received by Sing Sing authorities from January 1, 2004 through August 31, 2008, and I limit Request 2 to "all grievances that were written to Sing Sing authorities pertaining to the handling of pork products in the Sing Sing messhall."

    4. **I direct AAG Bauman to send plaintiff, by October 7, 2008:** (a) answers from Brian Fisher to the Second Set interrogatories 1 through 5 addressed to him (I strike 6 and 7 as unnecessary in view of Second Set document requests 2 and 4); (b) answers from John Nuttal to the Second Set interrogatories 1 and 2 addressed to him; (c) answers from Kenneth Decker to the Second Set interrogatories 1 through 4 addressed to him; (d) answers from Frank Robinson to the Second Set interrogatories 1 through 4 addressed to him; and (e) answers from Anthony Chu to the Second Set interrogatories addressed to him, except that I do not require him to answer 1, 2, 3, or 4, or the second question in 15, or 19, and I hereby modify 13 by replacing the word "inmates" with the words "civilian staff," and I hereby modify 14 by replacing the word "inmates" with the words "the correction officers who supervise the inmate workers in the messhall," and I hereby modify 17 to begin "When the kettles (vats with a capacity of 25 gallons or more) are cleaned ...," and I hereby modify 20 to ask "Are there any separate pots at Sing Sing that are used to cook pork products and never any other food?"

    5. In all other respects, discovery is closed. I hereby

direct that **any dispositive motion must be served and filed by October 31, 2008**, and must be addressed to Judge Batts.

*[signature]*
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007

Dated:    New York, New York
          September 11, 2008

Copies of this Memorandum and Order are being sent on this date by mail to:

Alphonso Simmons
06-A-5276
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Wesley E. Bauman, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271
(also by fax to 212-416-6075)

Pro Se Office
Room 230, U.S. Courthouse
500 Pearl Street
New York, NY 10007

Hon. Deborah A. Batts